IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PNC Mortgage, a division of PNC Bank, National Association ) ) ) Plaintiff, ) ) vs. ) ) Cheryl Powe, ) ) Defendant. ) ) | C/A No.: 4:10-1581-TLW-SVH  REPORT AND RECOMMENDATION |

    This matter comes before the court on the following pro se motions of Defendant Cheryl Powe: (1) Motion to Dismiss [Entry #8]; and (2) Amended Motion to Dismiss [Entry #15]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Because the motions to dismiss are dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court deny the motions to dismiss.

I.    Factual and Procedural Background

    Plaintiff filed this action in the South Carolina Court of Common Pleas for Florence County on June 1, 2010. The complaint alleges that Plaintiff, as successor in interest to National City Mortgage Co., is the owner and holder of a note and mortgage covering real property owned by Defendant. Compl. ¶¶ 2, 6, 7, 10, 11 [Entry #1-2]. Plaintiff brought the present action seeking to foreclose on the subject mortgage and alleging that Defendant defaulted on the note. *Id.* Defendant, proceeding pro se, moved to

dismiss the complaint, arguing that: (1) Plaintiff failed to produce sworn documents proving that it is the real party in interest [Entry #15 at 2]; (2) National City Mortgage failed to notify Plaintiff of the change in ownership of the mortgage, thereby voiding the terms of the contract, *id.*; and (3) Plaintiff failed to state facts sufficient to maintain a cause of action for foreclosure [Entry #15 at 2–5].

Defendant removed the case to this court on June 18, 2010, pursuant to the court's diversity jurisdiction under 28 U.S.C. § 1332. Defendant filed her original motion to dismiss on July 6, 2010 [Entry #8] and Plaintiff filed a response on July 26, 2010 [Entry #9]. Defendant filed her amended motion to dismiss on August 4, 2010 [Entry #15] and a notice of bankruptcy and automatic stay on August 31, 2010 [Entry #20]. On September 22, 2010, the Honorable Terry L. Wooten ordered the parties to notify the court of any actions that would allow this case to proceed [Entry #21]. In response to a subsequent order from the court, the parties filed status reports on October 21, 2011 indicating the automatic bankruptcy stay had been lifted on March 17, 2011. [Entry #36, #37]. Therefore, Defendant's motions to dismiss are ripe for review.[1]

---

[1] Defendant's amended motion to dismiss [Entry #15] contains the same allegations and arguments as her original motion to dismiss [Entry #8]. Therefore, upon the district judge's ruling on Defendant's amended motion, her original motion will be rendered moot. The undersigned considered Plaintiff's response [Entry #9] as a response to both of Defendant's motions.

2

II.  Discussion

    A.  Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). The Fourth Circuit has held that "[t]he raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

    B.  Analysis

Defendant argues she should be dismissed from this action because Plaintiff has not set forth sworn documents to show a debt or binding agreement exists. [Entry #15 at 1–2]. Therefore, it appears Defendant is arguing she is entitled to a dismissal based on Plaintiff's failure to prove the allegations of the complaint with documentary evidence. However, Plaintiff is not required to prove its claim at the pleading stage of litigation.

Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Here, Plaintiff has submitted sufficient factual allegations that if accepted as true, as the court must, state a plausible claim. Additionally, it is premature at this early stage of the litigation to determine the viability of Defendant's defense concerning the alleged deficient notice from National City Mortgage that Plaintiff was taking ownership of the mortgage. Therefore, it is recommended that Defendant's motion to dismiss be denied.

III.    Conclusion

For the foregoing reasons, it is recommended that Defendant's amended motion to dismiss be denied [Entry #15].  If the district judge accepts this recommendation, Defendant's original motion to dismiss will also be denied [Entry #8].

IT IS SO RECOMMENDED.

November 28, 2011                                        Shiva V. Hodges
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**