IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| PNC Mortgage, a division of PNC Bank National Association, | ) | C/A No. 4:10-1581-TLW-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Cheryl Powe, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Cheryl Powe, proceeding pro se, removed this foreclosure action from the Florence County, South Carolina Court of Common Pleas. *See* ECF No. 1.  In an answer filed on July 6, 2010 and in an amended answer filed on August 4, 2010, Defendant asserted the following counterclaims against PNC: (1) for falsely attempting to seize the property at issue (2) fraud; (3) punitive and compensatory damages; (4) litigation fees and costs; and (5) pain and suffering and emotional damages. ECF Nos. 8, 15.

On May 25, 2012, Plaintiff moved to dismiss Defendant's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 68.[1] As Defendant is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on May 30, 2012, advising her of the importance of a motion to dismiss and of the need for her to file an adequate response by July 5, 2012. ECF No. 70.  Defendant was specifically advised that if she failed to respond adequately, Plaintiff's motion may be granted, thereby ending her counterclaims against Plaintiff.

---

[1] Defendant filed an action in Bankruptcy Court, which had stayed this matter in 2010. *See* ECF Nos. 20, 21. The stay was lifted on November 1, 2011, after the court was informed that the Bankruptcy Court had lifted the automatic stay. *See* ECF Nos. 37-39.

Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Defendant has failed to respond to the motion.  As such, it appears to the court that she does not oppose the motion and wishes to abandon her counterclaims.  Based on the foregoing, it is ordered that Defendant shall advise the court whether she wishes to continue to pursue her counterclaims against Plaintiff and to file a response to Plaintiff's motion to dismiss by **July 24, 2012**.  Defendant is further advised that if she fails to respond, the undersigned will recommend that Plaintiff's motion to dismiss her counterclaims be granted and that her counterclaims be dismissed with prejudice for failure to prosecute.  *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(c).

IT IS SO ORDERED.

July 10, 2012                                                       Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

2